United States District Court
Southern District of Texas

**ENTERED**

May 22, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DILMAN STEVEN HUEZO ROQUE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-03844 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Dilman Steven Huezo-Roque's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.    BACKGROUND

Petitioner is a non-citizen from El Salvador who entered the United States without inspection in 2015. ECF No. 1 at 4; ECF No. 5 at 2. After initial entry, he was processed for an order of release on recognizance. ECF No. 5 – Ex. 2. Petitioner is twenty years old, and he has lived in the United States since he was ten. ECF No. 1 at 4.  He graduated from high school in Houston, and he is in a committed relationship with a United States citizen. *Id.* Petitioner currently lives with his family near Houston, Texas. *Id.* He intends to apply for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.*

1 / 4

Petitioner was re-detained on March 26, 2026, after being pulled over for an expired vehicle registration. ECF No. 1 at 3. He was then charged with a misdemeanor—unlawful carrying of a weapon in a motor vehicle. *Id.* The misdemeanor was dismissed after Petitioner participated in an alternative-resolution process. *Id.* Petitioner has no criminal convictions. *Id.*

## II. ANALYSIS

Petitioner argues that his re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address the additional reasons that Petitioner believes his continued detention is unlawful.

The Court recently addressed a similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result in this case.

The fact that Petitioner was charged with unlawful carrying of a weapon in a motor vehicle cannot justify his detention without bond absent a finding, by clear and convincing evidence, that Petitioner presents a flight risk or a danger to his community. There was no such finding here. The

Government "created a liberty interest in Petitioner's release under § 1226(a) when it made the decision to release [him] in [2016]," and "that release cannot be revoked arbitrarily and without due process." *Bethancourt*, No. 4:26-CV-01169, 2026 WL 638482, at \*6; *see also J.U. v. Maldonado*, 805 F. Supp. 3d 482, 498 (E.D.N.Y. 2025) (ordering release where the petitioner was re-detained "with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("Indeed, given the nature of the constitutional violation [petitioner] sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment before [re-]detaining him—any post-deprivation review by an immigration judge would be inadequate."). The Court therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

## III.    RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior order of release on recognizance.

2. Respondents must release Petitioner in a public place within the Southern District of Texas and must notify a family member or acquaintance of Petitioner's choosing **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Respondents must provider Petitioner with a copy of this Order.

5.  Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before May 26, 2026,** informing the Court of the status of Petitioner's release and Respondents' compliance with the notification and return of personal property requirements outlined above. Respondents must also inform the Court of any conditions imposed upon Petitioner and demonstrate that those conditions are consistent with the terms of his prior order of release on recognizance.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case on or before **June 12, 2026.**

Signed at Houston, Texas on May 22, 2026.

_____
Keith P. Ellison
United States District Judge